STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
SCOTT M. PEARSON (State Bar No. 173880)
STEPHEN J. NEWMAN (State Bar No. 181570)
2029 Century Park East, Suite 1800
Los Angeles, California  90067-3086
Telephone: 310-556-5800
Facsimile:  310-556-5959

STROOCK & STROOCK & LAVAN LLP
BRUCE H. SCHNEIDER (*pro hac vice*)
HEIDI BALK (*pro hac vice*)
180 Maiden Lane
New York, New York  10038-4982
Telephone: 212-806-5400
Facsimile:  212-806-6006

Attorneys for Defendants
   AMERICAN EXPRESS COMPANY and
   AMERICAN EXPRESS TRAVEL RELATED
   SERVICES COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ITALIAN COLORS RESTAURANT, on behalf of itself and all similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,<br><br>Defendants. | Case No. C 03-03719 SI<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF BRUCE H. SCHNEIDER AND AMY ALTERMAN IN SUPPORT THEREOF**<br><br>[Proposed order lodged concurrently]<br><br>DATE:       November 7, 2003<br>TIME:        9:00 a.m.<br>PLACE:     Courtroom 10 (19th Floor) |

/ / /

/ / /

/ / /

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on November 9, 2003, at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Susan Illston, in Courtroom 10 of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants American Express Company and American Express Travel Related Services Company, Inc. (collectively, "American Express") will, and hereby do, move pursuant to 28 U.S.C. § 1404(a), for an Order transferring this action to the United States District Court for the Southern District of New York.[1]

   Section 1404(a) permits transfer for the "convenience of parties and witnesses, in the interest of justice," and transfer is appropriate because the critical American Express witnesses and documents are located in New York. Additionally, the parties have agreed that their relationship is governed by the substantive law of the State of New York. Neither Plaintiff nor the putative class will be prejudiced by transfer to New York; to the contrary, the current version of the standard agreement that applies to most members of the putative class expressly provides that any litigation relating to their relationships with American Express must take place in New York.

   The Motion is based upon this Notice of Motion and Motion, the attached supporting Memorandum of Points and Authorities and Declarations of Bruce H. Schneider and Amy Alterman, the pleadings and records on file herein, such further papers as may be filed in

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] By seeking transfer of this action, American Express does not waive any rights under the contract with Plaintiff or any defenses to this case.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1  connection with the Motion, all matters of which the Court may take judicial notice and such other

2  evidence and argument as may be presented at or before the hearing on the Motion.

3

4  Dated:  October 3, 2003                           *Respectfully submitted,*

5                                       STROOCK & STROOCK & LAVAN LLP
                                        JULIA B. STRICKLAND

6                                       SCOTT M. PEARSON
                                        STEPHEN J. NEWMAN

7

8                                       STROOCK & STROOCK & LAVAN LLP
                                        BRUCE H. SCHNEIDER (*pro hac vice*)

9                                       HEIDI BALK (*pro hac vice*)

10

11                          By: _____

12                                    Stephen J. Newman

13                                     Attorneys for Defendants

14                                         AMERICAN EXPRESS COMPANY and
                                         AMERICAN EXPRESS TRAVEL
                                         RELATED SERVICES COMPANY, INC.

15

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

This claim made its first appearance in Brooklyn, New York in the United States District Court for the Eastern District of New York in June 2003.  At that time, these same New York and District of Columbia attorneys brought an action on behalf of five New York merchants similarly claiming that American Express had imposed an unlawful tying arrangement and similarly purporting to represent a class of American Express merchants nationwide.  When confronted with the prospect of a meritorious motion to dismiss, plaintiffs' counsel chose to "discontinue" that action voluntarily.  Thereafter, virtually verbatim copies of that complaint have been filed (but not served) in other Districts around the country, until the transcontinental search for a plaintiff and a forum brought them to this courthouse in San Francisco.

All the factors traditionally considered under 28 U.S.C. § 1404(a) point strongly to a transfer to New York:  the key American Express witnesses are located in New York; the key American Express documents are located in New York; the policy Plaintiff challenges was set at American Express's corporate headquarters in New York; Plaintiff's agreement with American Express states that the substantive law of the State of New York governs any dispute between them; the current standard agreement governing most members of the putative class states expressly that any litigation between them and American Express is to occur in New York; and defendants and two of plaintiff's counsel are located in New York (and the other of its counsel is located in the District of Columbia).  Quite simply, this case is not a California case, and it should not be in a California forum.  For reasons that will be explained, this litigation has no particular connection to this District and should rightly be transferred to the Southern District of New York in the interests of justice and for the convenience of the parties.[2]

---

[2] The Southern and Eastern Districts of New York divide the City of New York.  Manhattan, where American Express is located, lies in the Southern District.  These claims were first filed in the Eastern District of New York.  If the Court deems it more appropriate, American Express would consent to a transfer to the Eastern District of New York, as an alternative.

-4-

## II.   **BACKGROUND FACTS**

In May 2003, Phuong Corp. and four other merchants, represented by the same attorneys as plaintiffs here, commenced a class action in the Eastern District of New York ("Phuong") alleging that American Express violated Section 1 of the Sherman Act by "requiring that merchants, as a condition of being permitted to accept American Express charge cards or corporate cards, agree to accept American Express-branded credit cards and debit cards at grossly supracompetitive prices (the 'Tying Arrangements')." (Phuong Complaint ¶ 2.)[3]  Plaintiffs in Phuong sought to represent a nationwide class "comprised of all merchants that have accepted American Express charge cards (including the American Express corporate card), and have thus been forced to agree to accept American Express credit and debit cards." (Phuong Complaint ¶ 16.)

The Phuong Complaint alleged that the tying arrangements "affect each merchant that accepts American Express cards"; that "American Express uniformly imposed the Tying Arrangements upon all Class members"; and that "[a]ll Class members have been damaged in precisely the same fashion, by precisely the same conduct." (Phuong Complaint ¶¶ 17, 21.)

In accordance with the rules of practice of the District Judge to whom the Phuong case was assigned (Hon. Nina Gershon), by letter dated July 11, 2003, defendants advised the Court that they intended to move to dismiss that complaint. (Schneider Dec., Ex. B.) Notwithstanding that the agreement was governed by New York law, rather than confront that motion to dismiss in New York, on July 17, 2003, plaintiffs' counsel immediately filed a notice of voluntary dismissal of that action. (Schneider Dec., Ex. C.)

On July 16, 2003, just a day before notice of the Phuong dismissal, a virtually verbatim copy of the Phuong Complaint was filed, on behalf of a purported nationwide class in the Central District of California, entitled Il Forno, et al. v. American Express, et al. and assigned to Judge Takasugi.  Although filed, somewhat surprisingly the Il Forno plaintiffs never served their

---

[3] A copy of the Phuong First Amended Complaint, dated June 10, 2003 (the "Phuong Complaint"), is attached as Exhibit A to the accompanying Declaration of Bruce H. Schneider, dated October 3, 2003 ("Schneider Dec.").

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1    complaint.  Plaintiff's counsel have moved to have that complaint consolidated into this action and

2    to have themselves designated as lead counsel in both actions.

3         On August 3, plaintiff Italian Colors Restaurant ("Italian Colors"), an Oakland restaurant,

4    made its appearance, represented by the attorneys in the Phuong action, making the same

5    allegations, and seeking to represent the same nationwide class as those attorneys sought to

6    represent back when those same allegations were made in the Eastern District of New York.  In the

7    intervening time, a substantially verbatim version of the Phuong complaint was filed in the Eastern

8    District of Louisiana, but was never served.  After subsequent cases were filed, that action was

9    "discontinued" without prejudice.

10        Additional facts will be discussed in the context of the argument that follows.

12   **III.    ARGUMENT**

13                    **PURSUANT TO SECTION 1404(a), THE COURT SHOULD**
14                    **TRANSFER THIS PROPOSED NATIONWIDE CLASS**
                     **ACTION TO THE SOUTHERN DISTRICT OF NEW YORK**

16        Section 1404(a) provides, "for the convenience of the parties and witnesses, in the interest

17   of justice, a district court may transfer any civil action to any other district or division where it

18   might have been brought."  28 U.S.C. § 1404(a).  Motions for transfer lie within the broad

19   discretion of the district court and are determined upon notions of convenience and fairness on an

20   individualized, case-by-case basis.  See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.

21   2000) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  In determining when to

22   transfer venue, courts in this Circuit consider multiple factors, including:  (1) the legitimacy (or

23   illegitimacy) of plaintiff's choice of forum, (2) convenience of the witnesses and parties, (3)

24   foreign governing law (including contractual choice of law provisions), (4) the ease of access to

25   evidence, (5) the parties' contacts with the chosen forum, and (6) the differences in the costs of

26   litigation.  See e.g., Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); Hyundai

27   Space & Aircraft Co. v. Boeing Co., No. C-99-3255 (SI), 1999 WL 910131 (N.D. Cal. Oct. 12,

28   1999).  This list, however, "does not exhaust the possibilities."  Williams, 157 F. Supp. 2d at 1106.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1   Furthermore, the weight to be attached to these factors differs when the venue of a nationwide class

2   action is at issue.  "The purpose of § 1404(a) 'is to prevent the waste of time, energy, and money'

3   and 'to protect litigants, witnesses and the public against unnecessary inconvenience and

4   expense.'"  Black v. JCPenny Life Ins. Co., No. C-01-4070, 2002 WL 523568, at *2 (N.D. Cal.

5   Apr. 1, 2002) (citing Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964)).

      A.     **Plaintiff Could Have Brought This Purported Class Action
Initially In The Southern District of New York.**

7   There is no question that this action "might have been brought" in the Southern District of

8   New York.  American Express is subject to personal jurisdiction, and venue would be proper, in the

9   Southern District of New York, the district in which it maintains its corporate headquarters.  See 28

10   U.S.C. § 1391.  In fact, plaintiff's counsel did file these claims in New York and represented to that

11   Court that New York was an appropriate forum.

      B.     **Plaintiff's Choice of Forum Should Be Accorded No Deference.**

            1.     **Plaintiff's Choice of Forum Should be Given Little Weight
Because Plaintiff's Counsel is Engaging in Forum Shopping.**

15   While a plaintiff's choice of forum is ordinarily accorded some deference, that is not the

16   rule when, as here, plaintiff's choice of forum is the result of forum shopping.  See Williams v.

17   Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing Royal Queentex Enters. v. Sara-Lee

18   Corp., No. C-99-4787, 2000 WL 246599 (N.D. Cal. Mar. 1, 2000)); see also Reiffin v. Microsoft

19   Corp., 104 F. Supp. 2d 48, 54, n.12 (D.D.C. 2000).

20   Here, the history of the prior proceedings bespeaks (in fact, "bescreams") flagrant forum

21   shopping.  Plaintiff's counsel tactically chose to "discontinue" the Phuong action, making identical

22   allegations on behalf of an identical class, rather than defend against a meritorious motion to

23   dismiss in the Eastern District of New York.  (See Schneider Dec., ¶¶ 3-4.)  Those identical

24   allegations, claiming a uniform course of unlawful conduct nationwide, then reappeared in a

25   complaint in Los Angeles that was never served.  Finally, a restaurant in Oakland, California now

26   has "retained" the same New York and District of Columbia counsel who represented the New

27   York businesses in the "discontinued" Phuong action.  Those attorneys then moved to have the

28   Los Angeles action (in which the complaint was never served) consolidated into this action and

- 7 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1    have themselves designated lead counsel.  It is simply a fiction to think of this case as a claim that

2    has been brought by a local merchant situated in the Northern District of California.

3                    **2.    The Assertion of a Nationwide Class Further Diminishes**
                     **the Weight to Which Plaintiff's Choice of Forum Is Entitled.**

4

5        Plaintiff's choice of forum should be given even less deference, where -- as here -- the

6    action is brought on behalf of a nationwide class.  <u>Hoefer v. United States Dep't of Commerce</u>,

7    No. C 00 0918, 2000 WL 890862, (N.D. Cal. June 28, 2000); <u>see also</u> <u>Lou v. Belzberg</u>, 834 F.2d

8    730, 739 (9th Cir. 1987); <u>Wade v. Indus. Funding Corp.</u>, No. C-92-0343 , 1992 WL 207926 (N.D.

9    Cal. May 28, 1992); <u>see also</u> <u>Job Haines Home for the Aged v. Young</u>, 936 F. Supp. 223, 230

10   (D.N.J. 1996); <u>In re: Warrick</u>, 70 F.3d 736, 741 n.7 (2d Cir. 1995).  As the United States Supreme

11   Court has made clear:

12            [W]here there are hundreds of potential plaintiffs, all equally entitled
              voluntarily to invest themselves with the . . . cause of action and all
13            of whom could with equal show of right go into their many home
              courts, the claim of any one plaintiff that a forum is appropriate
14            merely because it is his home forum is considerably weakened.

15   <u>Koster v. (American) Lumbermens Mut. Cas. Co.</u>, 330 U.S. 518, 524 (1947).  Indeed, "the

16   residence of a class representative is often a 'mere happenstance,' which may be discounted by a

17   court when weighing transfer factors."  <u>Adair v. Microfield Graphics, Inc.</u>, No. 00 Civ. 0629, 2000

18   U.S. Dist. LEXIS 16591, at *7 (S.D.N.Y., Nov. 15, 2000) (citing <u>IBJ Schroder Bank & Trust Co. v.</u>

19   <u>Mellon Bank, N.A.</u>, 730 F. Supp. 1278, 1282 (S.D.N.Y. 1990)).

20       Here, the Complaint alleges that "[t]he tying Arrangements affect each merchant that

21   accepts American Express cards"; that "American Express has acted and continues to act on

22   grounds that are generally applicable to the [purported] Class"; that "American Express uniformly

23   imposed the Tying Arrangements upon all [purported] Class members"; and that "[a]ll Class

24   members have been damaged in precisely the same fashion, by precisely the same conduct."

25   (Complaint ¶¶ 11, 14, 16.)  Not surprisingly, plaintiff's counsel made precisely the same allegations

26   on behalf of the <u>Phuong</u> plaintiffs when this claim was brought in New York.

27       This is the very situation envisioned by the Supreme Court in <u>Koster</u>:  there are literally

28   thousands of potential plaintiffs who could equally have brought these claims in a variety of

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 8 -

1    different Districts -- as, indeed, some have.  Even more directly to the point, in the <u>Phuong</u>

2    complaint, these same plaintiff's counsel pleaded that venue was properly laid in the Eastern

3    District of New York "because American Express 'may be found or transacts business' within [the

4    Eastern District of New York].  Among other things, American Express and its subsidiary

5    [American Express Travel Related Services] have marketed their charge card services, along with

6    the unlawfully tied credit card services, to thousands of merchants within [the Eastern District of

7    New York]."  (Ex. A, <u>Phuong</u> Complaint ¶ 5.)

8         Quite apart from plaintiff's counsel's forum-shopping, there is no objective reason rooting

9    this case in this District.  To the contrary, under the current "Card Acceptance Agreement" to

10   which the vast majority of purported class members are subject, any court proceedings are to be

11   held in the state and federal courts of New York.  (<u>See</u> Declaration of Amy Alterman, dated

12   October 2, 2003 ("Alterman Dec."), ¶ 5 and Ex. F at 8.)  <u>See also</u> <u>Storm v. Witt Biomedical Corp.</u>,

13   No. C-95-3718 (SI), 1996 WL 53624 (N.D. Cal. Jan. 23, 1996) (transferring case, in part, due to a

14   forum selection clause found in the governing contract).

15        **C.    <u>The Convenience of Witnesses, As Well As the Location of</u>**
         **<u>the Evidence, Tips Heavily in Favor of Venue in New York</u>.**

16

17        This purported class action challenges American Express's business practices with respect

18   to its issuance of American Express cards.  American Express has its principal place of business in

19   New York City.  (Complaint ¶¶ 8-9.)  Senior American Express personnel familiar with its various

20   cards and its policies for merchants are based in New York and live in the New York metropolitan

21   area, including, among others:  (i) Tom Pojero, Senior Vice President of Merchant Acquisition and

22   Client Management -- ESG, North America, who is knowledgeable about the "honor all card

23   policy" that is the subject of this action and its benefits to consumers; and (ii) Elizabeth Rutledge,

24   Vice President, ESG, who is knowledgeable about consumer perception when they see decals on

25   the door, and the damage to the brand caused by consumer confusion if not all American Express-

26   branded cards are accepted.  Thus, convenience for significant witnesses militates in favor of

27   transfer to New York.  See <u>generally</u> <u>Maxon v. Jefferson Pilot Secs. Corp.</u>, No. C-01-02668, 2002

28   / / /

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 9 -

1   WL 523575 (N.D. Cal. Apr. 2, 2002) (transferring action on basis of convenience of witnesses

2   whose testimony would be relevant to the claims).

3       Likewise, relevant American Express documents are likely to be found in New York.

4   Since Plaintiff's allegations challenge an allegedly nationwide business practice of American

5   Express in purportedly coercing the acceptance by merchants of additional American Express

6   cards, it is the American Express documents and witnesses that will be most needed. <u>See</u>, <u>e.g.</u>,

7   <u>Teknekron Software Sys., Inc. v. Cornell Univ.</u> No. 93-20122, 1993 WL 215024 (N.D. Cal. June

8   14, 1993) (where most of the documentary evidence with respect to plaintiff's claims were located

9   at defendant's offices in New York, a transfer of venue to New York would "reduce the overall

10  cost of the litigation and promote the interests of justice").

11      By contrast, it can rightly be expected that the role of plaintiff Italian Colors' witnesses will

12  be quite limited.  Plaintiff has stated in its class action allegations that there is nothing unique about

13  Italian Colors.  Even with respect to their proof of damages, plaintiff's counsel have made clear

14  that they are not depending on evidence from Italian Colors: "All Class members have been

15  damaged in precisely the same fashion, by precisely the same conduct.  The degree of damages

16  suffered by individual Class members is readily calculable according to an ascertainable formula."

17  (Complaint ¶ 16.)

18      **D.**    <u>**New York Law Governs American Express's Dealings**</u>

19          <u>**With Plaintiff and With the Putative Class.**</u>

20      An important factor in determining whether transfer of venue is warranted is the interest of

21  having the trial in a forum that familiar with the governing law. <u>Jarvis v. Marietta Corp.</u>, No. C-98-

22  4951, 1999 WL 638231 (N.D. Cal. Aug. 12, 1999).  Here it is beyond dispute that New York law

23  governs the parties' relationship.  (<u>See</u> Alterman Dec., ¶¶ 4-5 and Exs. E at 4 & F at 8.)  This factor

24  further militates in favor of transferring this action to the Southern District of New York, as the

25  parties have chosen New York law, rather than California law. <u>See</u>, <u>e.g.</u>, <u>Walsh v. Chilton</u>,

26  / / /

27  / / /

28  / / /

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 10 -

1   No. C-96-1689, 1996 WL 721674 (N.D. Cal. Dec. 10, 1996) (citing a Texas governing law

2   provision in the contract as a "significant" factor in favor of transfer to Texas).[4]

3       **E.    The Conduct of this Litigation in New York
            Would Be Less Expensive and More Efficient.**

4

5       Plaintiff is represented by counsel located in New York and in Washington, D.C.

6   Defendants are also represented by counsel with offices in New York.  This nationwide class action

7   could be more economically and efficiently conducted if it were venued in New York.

8

9   **IV.    CONCLUSION**

10      For the foregoing reasons, American Express respectfully submits that this action should be

11  transferred to the Southern District of New York.[5]

12

13  Dated:  October 3, 2003                    *Respectfully submitted,*

14                                             STROOCK & STROOCK & LAVAN LLP
                                               JULIA B. STRICKLAND
                                               SCOTT M. PEARSON
15                                             STEPHEN J. NEWMAN

16                                             STROOCK & STROOCK & LAVAN LLP
                                               BRUCE H. SCHNEIDER (*pro hac vice*)
17                                             HEIDI BALK (*pro hac vice*)

18

19                                             By: *Stephen J. Newman*

20                                                 _____
                                                   Stephen J. Newman
21

22                                             Attorneys for Defendants
                                                   AMERICAN EXPRESS COMPANY and
                                                   AMERICAN EXPRESS TRAVEL
23                                                 RELATED SERVICES COMPANY, INC.

24  _____
    [4] To the extent that Plaintiff is seeking to bring this action on behalf of a nationwide class of
25  merchants, most of the purported class members would additionally be bound by a New York
    forum selection provision contained in their Card Acceptance Agreements.  (See Alterman Dec.,
26  ¶ 5 and Ex. F at 8.)  New York is the only venue where most purported class members can
    adjudicate their claims.
27
    [5] By making this motion to transfer to another federal District Court, American Express does not
28  waive any rights under the contract with Plaintiff or any defenses to this action.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                               ) ss.
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On October 3, 2003, I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF BRUCE H. SCHNEIDER AND AMY ALTERMAN IN SUPPORT THEREOF**, on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Gary B. Friedman, Esq.
Edward S. Zusman, Esq.
Kevin K. Eng, Esq.
**MARKUN ZUSMAN & COMPTON LLP**
601 Montgomery Street, Suite 601
San Francisco, CA 94111
(415) 438-4515 / (415) 434-4505-fax

Blaine H. Bortnick, Esq.
**LIDDLE & ROBINSON, L.L.P.**
685 Third Avenue
New York, NY 10017
(212) 687-8500 / (212) 687-1505-fax

Read K. McCaffrey, Esq.
Christopher W. Hellmich, Esq.
**PATTON BOGGS LLP**
2550 M Street, N.W.
Washington, D.C. 20037
(202) 457-6000 / (202) 457-6315-fax

Gary B. Friedman, Esq.
**FRIEDMAN & SHUBE**
155 Spring Street, Suite 5
New York, NY 10012
(212) 680-5150 / (212) 219-6446-fax

[X] **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 3, 2003, at Los Angeles, California.

Sue Turner
[Type or Print Name]

*STurner*
[Signature]

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086